IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST, BY CALIBER HOME LOANS, INC., AS ITS ATTORNEY IN FACT, <br><br> Plaintiff, <br><br> v. <br><br> BERNEDA BROWN, UNKNOWN OWNERS AND NON-RECORD CLAIMANTS, <br><br> Defendants. | Case No.: 13-cv-2622 <br><br> Judge Ruben Castillo <br><br> Magistrate Judge Sheila Finnegan |

## MOTION FOR ENTRY OF JUDGMENT OF FORECLOSURE AND SALE

Now comes Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, by Caliber Home Loans, Inc., as its attorney-in-fact ("Plaintiff"), by and through its attorneys, Johnson. Blumberg & Associates, LLC, and in support of its Motion states as follows:

### BACKGROUND

On August 31, 2006, Defendant Berneda Brown ("Defendant") executed and delivered to Mortgage Electronic Registration Systems, Inc. as nominee for Accredited Home Lenders, Inc., a promissory note in the original principal amount of $190,000 (the "Note"). The Note is secured by a mortgage on real property commonly known as 16723 Kimbark Court, South Holland, Illinois 60473 (the "Mortgage"). The Mortgage has been in default since June 2011. On February 13, 2013, Plaintiff's predecessor in interest filed its statutory form Complaint to Foreclosure Mortgage in the Illinois State Court. Defendant filed her Notice of Removal to this Court on April 8, 2013. On April 23, 2013, this Court dismissed the federal case for failure to

1

have filed a proper federal complaint. On September 10, 2013, this Court granted the parties' joint motion to vacate the dismissal and granted Plaintiff leave to file its Amended Complaint.

On October 10, 2013, Plaintiff filed its Amended Complaint. On November 5, 2013, this Court granted Plaintiff's motion to substitute plaintiff. Defendant filed a motion to dismiss the Amended Complaint, which this Court denied on November 20, 2012. The Court gave Defendant until December 11, 2013 to plead to the Amended Complaint. Defendant failed to plead to the Amended Complaint and an order of default was entered against her on December 16, 2013. On January 22, 2014, Defendant's Motion to Reconsider the entry of the default order was denied. On January 24, 2014, without leave of Court, Defendant filed her Answer and Counterclaims. Plaintiff now moves for entry of Judgment of Foreclosure and Sale (a proposed order is attached hereto as Exhibit 3).

**ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 55(b)(2) or alternatively under Rule 56, Plaintiff moves this Court for entry of Judgment of Foreclosure and Sale.

**I.   Rule 55(b)(2)**

This Court entered an order of default on December 16, 2013, under Federal Rule of Civil Procedure 55(b)(1) because Defendant failed to file an Answer to Plaintiff's Complaint. The Complaint prays for the entry of a Judgment of Foreclosure and Sale under the Illinois Mortgage Foreclosure Law. Because Defendant did not seek leave of Court to file her untimely Answer, this Court must deem the Complaint unopposed and grant the relief duly requested. The requisite affidavits pursuant to Illinois Supreme Court Rules 113 and 114 are attached hereto as Exhibits 1 and 2. Because Defendant has failed to respond to the Complaint and there is no bar

to judgment being entered in favor of Plaintiff and against Defendant, Plaintiff respectfully requests that this Court enter Judgment of Foreclosure and Sale.

## II.     Rule 56

Alternatively, Plaintiff respectfully requests that this Court grant summary judgment in its favor and enter the Judgment of Foreclosure and Sale under Rule 56. There is no genuine issue of material fact regarding Defendant's default under the Note and Mortgage or the amounts due and owing to Plaintiff, and, therefore, Plaintiff is entitled to judgment as a matter of law.

Although Defendant, in her Answer which she filed without leave of Court, continues to assert through the section entitled "Counterclaims" that Plaintiff does not have standing to pursue this action, this Court already ruled, in consideration of Plaintiff's Motion to Substitute Party Plaintiff, that Plaintiff is the correct party in interest to enforce the Note and Mortgage. Plaintiff brings this action as the legal holder of a Note indorsed in blank. Despite the myriad attempts Defendant has made to impugn Plaintiff's standing by asserting that the Assignments of Mortgage are somehow invalid, Plaintiff's standing rests entirely on its peculiar capacity of holder of the Note to enforce it. In this instance, Defendant could be completely correct that the Assignments are void and it would have no effect on Plaintiff's standing to enforce the Note and Mortgage as mortgagee against Defendant, the mortgagor.

Attached hereto are the affidavits required under Illinois Supreme Court Rules 113 and 114. The affidavit of Isabel Melendez verifies the fact of default and the amounts due and owing under the Note and Mortgage. Although Defendant in her Answer generally denies that the Mortgage is in default and the allegations regarding the amounts due and owing, those denials are insufficient to raise a genuine issue of material fact and avoid judgment being entered against her. Because Defendant cannot produce any evidence that the Note and Mortgage are not in

3

default and or that the amounts due and owing are incorrect, this Court must enter judgment in Plaintiff's favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986) ("[T]he burden on the moving party may be discharged by "showing" -- that is, pointing out to the District Court -- that there is an absence of evidence to support the nonmoving party's case.").

Defendant also alludes to the National Bank Act of 1864 in her Answer but does not articulate how any provision of the 1864 Act would prevent judgment from being entered against her in this case. Defendant has failed to establish that the national Bank Act of 1864 provides for a private right of action today or articulates any basis on which a private defendant-borrower may evade judgment being entered under the Illinois Mortgage Foreclosure Law after a proven default. Because Defendant's argument under the National Bank Act of 1864 is not properly developed, it does not create a genuine issue of material fact and this Court must grant summary judgment in Plaintiff's favor.

Defendant's attempt to avail herself of the doctrine of unclean hands is equally ineffectual. The equitable doctrine of unclean hands dictates that "equitable relief will be refused if it would give the plaintiff a wrongful gain." *Scheiber v. Dolby Labs., Inc.*, 293 F.3d 1014, 1021 (7th Cir. 2002). "A plaintiff who acts unfairly, deceitfully, or in bad faith may not through equity seek to gain from that transgression." *Young v. Verizon's Bell Atl. Cash Balance Plan,* 615 F.3d 808, 822 (7th Cir. 2010); *See Packers Trading Co. v. Commodity Futures Trading Comm'n*, 972 F.2d 144, 148-49 (7th Cir. 1992).

Defendant does not articulate any wrongful gain that Plaintiff would achieve here. Plaintiff is entitled to enforce the Note due to Defendant's default and is entitled to possession of the secured property. Defendant's Counterclaim is without facts of any kind and, therefore, has

articulated no basis on which this Court should decline to enter judgment in favor of Plaintiff and against Defendant. Plaintiff is entitled to judgment as a matter of law and this Court should enter the Judgment of Foreclosure and Sale.

## CONCLUSION

WHEREFORE, Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust, by Caliber Home Loans, Inc., as its attorney-in-fact, respectfully requests that this Court grant its Motion, enter Judgment of Foreclosure and Sale in favor of Plaintiff and against Defendant Berneda Brown, and for all other relief this Court deems just.

> Respectfully submitted,
> U.S. Bank Trust, N.A. as Trustee for LSF8
> Master Participation Trust, by Caliber Home
> Loans, Inc., as its attorney-in-fact
>
> By: /s/ Rebecca M.R. Weininger

Rebecca M.R. Weininger
Johnson, Blumberg & Associates, LLC
230 West Monroe Street, Suite 1125
Chicago, Illinois  60606
312.541.9710
rweininger@johnsonblumberg.com